IRELL & MANELLA LLP
John C. Hueston (164921)
jhueston@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Attorneys for Defendant
DAVID ALAN HESLOP

Ellen M. Barry (141286)
ellen@ellenbarrylaw.com
530 S. Hewitt Street, Suite 555
Los Angeles, CA 90013
Telephone: (213) 621-1662
Facsimile (213) 621-1644
Attorney for Defendant
PAUL PHILLIP BARDOS

Additional defendants and counsel
listed after signature page

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 12-00441 (A) - MWF |
| Plaintiff, | |
| v. | **DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT** |
| GARY EDWARD KOVALL, DAVID ALAN HESLOP, PAUL PHILLIP BARDOS, and PEGGY ANNE SHAMBAUGH, | Judge Michael W. Fitzgerald |
| Defendants. | |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**TO THE CLERK OF THIS COURT AND ALL COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on March 11, 2013 at 1:30 p.m. or as soon thereafter as this matter may be heard, in Courtroom 1600 of the United States Courthouse for the Central District of California, 312 North Spring Street, Los Angeles, CA 90012, Defendants David Alan Heslop, Paul Bardos, Gary Kovall, and Peggy Shambaugh will and hereby do move the Court, pursuant to Rules 7(c)(l), 12(b)(2) and 12(b)(3) of the Federal Rules of Criminal Procedure as well as the Fifth and Sixth Amendments to the United States Constitution, for an order dismissing Counts 1 through 31, 34, 35, 36 through 52, and the dependent Forfeiture Allegations of the First Superseding Indictment, which charge Defendants with violations of 18 U.S.C. § 371, 18 U.S.C. § 666(a)(1)(B) and (a)(2), and 18 U.S.C. § 1957. Count 1 should be dismissed as duplicitous. Counts 2 through 31, 34, and 35 are defective as they fail to adequately allege and/or state specific facts relating to all of the statute's elements, including allegations that the recipients of alleged payments were governmental agents of qualifying covered entities, that the payments involved a quid pro quo, and that the payments regarded construction contracts that were not bona fide. The section 666 counts should also be dismissed as multiplicitous. Counts 36 through 52 are unconstitutionally vague and fail to provide defendants with the legally required notice needed to mount a defense or plead double jeopardy in any future prosecution.

The motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the papers filed in this matter, and such oral argument and documentary evidence as may be presented at the hearing on the motion.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..............................................1

I. LEGAL STANDARD ..................................................................................3

II. ARGUMENT ...............................................................................................6

    A. The Section 666 Counts Are Impermissibly Vague. ...........................6

        1. Statutory Background ................................................................6

        2. The Bare Allegations In the 666 Counts Fail To Plead The Essential Elements Of The Crime And Do Not Sufficiently Inform Defendants Of The Specific Offense Charged. .........................................................8

            (a) Mr. Heslop is not alleged to be an agent of the Tribe, and Echo Trail Holdings, LLC is not alleged to be a qualifying organization receiving federal funds. ....................................8

            (b) Mr. Kovall is not adequately alleged to be an agent of the Tribe. ..........................................14

            (c) The section 666 Counts fail to allege quid pro quo bribery........................................................17

            (d) The section 666 Counts fail to allege that the awarding of construction-related contracts did not relate to bona fide transactions................................21

    B. The Section 666 Counts Are Multiplicitous. ...................................23

    C. The Section 1957 Counts Are Impermissibly Vague. .......................27

    D. The Conspiracy Count Is Duplicitous...............................................29

    E. The Indictment's Forfeiture Allegations Must Be Dismissed Along With Their Predicate Offenses. ..............................31

III. CONCLUSION .........................................................................................31

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bell v. United States,*
349 U.S. 81, 75 S. Ct. 620 (1955) ...................................................... 24

*Bourjaily v. United States,*
483 U.S. 171, 107 S. Ct. 2775 (1987) ................................................ 29

*Bruton v. United States,*
391 U.S. 123, 88 S. Ct. 1620 (1968) .................................................. 29

*Fischer v. United States,*
529 U.S. 667, 120 S. Ct. 1780 (2000) ................................................ 20

*Flores v. Emerich & Fike,*
2009 WL 900738 (E.D. Cal. Mar. 31, 2009) ...................................... 27

*Hamling v. United States,*
418 U.S. 87, 94 S. Ct. 2887 (1974) ...................................................... 2

*Mullaney v. Wilbur,*
421 U.S. 684, 95 S. Ct. 1881 (1975) .................................................. 20

*People v. Cumberworth,*
2006 WL 3549939, 20 (Cal. Ct. App. Dec. 11, 2006) ....................... 26

*Russell v. United States,*
369 U.S. 749, 82 S. Ct. 1038 (1962) ............................................ 1, 19

*Salinas v. United States,*
522 U.S. 52, 118 S. Ct. 469 (1997) .................................................. 2, 9

*Sanabria v. United States,*
437 U.S. 54, 98 S. Ct. 2170 (1978) .................................................... 22

*Skilling v. United States,*
130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010) .................................... 2, 16

*U.S. v. Gordon,*
844 F.2d 1397 (9th Cir. 1988) ...................................................... 27, 28

*U.S. v. Kohring,*
637 F.3d 895 (9th Cir. 2011) .............................................................. 15

*United States v. Abu-Shawish,*
507 F.3d 550 (7th Cir. 2007) .............................................................. 11

*United States v. Aguilar,*
756 F.2d 1418 (9th Cir. 1985) ............................................................ 28

*United States v. Bass,*
404 U.S. 336, 92 S. Ct. 515 (1971) .................................................... 16

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- ii -

**Page(s)**

*United States v. Blumhagen,*
   2005 WL 3059395 (W.D.N.Y. Nov. 15, 2005) ........................................ 3, 17

*United States v. Cabrera,*
   328 F.3d 506 (9th Cir. 2003) .................................................................. 8, 12

*United States v. Carucci,*
   364 F.3d 339 (1st Cir. 2004) ................................................................ 26, 27

*United States v. Cecil,*
   608 F.2d 1294 (9th Cir. 1979) .............................................................. passim

*United States v. Davenport,*
   519 F.3d 940 (9th Cir. 2008) ..................................................................... 21

*United States v. Ferber,*
   966 F. Supp. 90 (D. Mass. 1997) .......................................................... passim

*United States v. Frega,*
   179 F.3d 793 (9th Cir. 1999) ..................................................................... 16

*United States v. Fulcher,*
   626 F.2d 985 (D.C. Cir. 1980) ........................................................... 2, 3, 18

*United States v. Ganim,*
   510 F.3d 134 (2d Cir. 2007) ...................................................................... 18

*United States v. Harmon,*
   2011 WL 7937876 (N.D. Cal. Aug. 18, 2011) ........................................... 27

*United States v. Heckler,*
   428 F. Supp. 269 (S.D.N.Y. 1976) ............................................................ 29

*United States v. Hitt,*
   249 F.3d 1010 (D.C. Cir. 2001) ................................................................... 3

*United States v. Hooker,*
   841 F.2d 1225 (4th Cir. 1988) ............................................................... 3, 17

*United States v. Jackson,*
   72 F.3d 1370 (9th Cir. 1995) ..................................................................... 26

*United States v. Jennings,*
   160 F.3d 1006, 1022 (4th Cir. 1998) ......................................................... 15

*United States v. Jewell,*
   827 F.2d 586 (9th Cir. 1987) ..................................................................... 23

*United States v. Keen,*
   104 F.3d 1111 (9th Cir. 1996) .............................................................. 22, 24

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**Page(s)**

*United States v. Keith,*
605 F.2d 462 (9th Cir. 1979).................................................................1, 19

*United States v. Lovett,*
964 F.2d 1029 (10th Cir. 1992)...........................................................25, 27

*United States v. Miller,*
774 F.2d 883 (8th Cir. 1985)...........................................................2, 3, 18

*United States v. Panarella,*
277 F.3d 678 (3d Cir. 2002) ....................................................................2

*United States v. Pheaster,*
544 F.2d 353 (9th Cir. 1976)..............................................................1, 19

*United States v. Rodriguez-Gonzales,*
358 F.3d 1156 (9th Cir. 2004)..................................................................2

*United States v. Rooney,*
37 F.3d 847 (2d Cir. 1994)...............................................................20, 21

*United States v. Siegelman,*
561 F.3d 1215 (11th Cir. 2009) ...............................................................15

*United States v. Stewart,*
727 F. Supp. at 1068 (N.D. Texas 1989).............................................9, 11, 12

*United States v. Sun-Diamond Growers of California,*
526 U.S. 398, 119 S. Ct. 1402 (1999) ..................................................15, 16

*United States v. Sunia,*
643 F. Supp. 2d 51 (D.C.D.C. 2009)....................................................passim

*United States v. Turner,*
2007 WL 1300462 (W.D. Wash. May 1, 2007)...........................................25

*United States v. UCO Oil Co.,*
546 F.2d 833 (9th Cir. 1976)........................................................24, 25, 28

*United States v. Universal C.I.T. Credit Corp.,*
344 U.S. 218, 73 S. Ct. 227 (1952) ..........................................................22

*United States v. Urlacher,*
784 F. Supp. 61 (W.D.N.Y. 1992) .......................................................22, 23

*United States v. Valentine,*
63 F.3d 459 (6th Cir. 1995)...............................................................12, 22

*United States v. Winter,*
663 F.2d 1120 (1st Cir. 1981) ..................................................................2

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- iv -

**Page(s)**

*United States v. Wyncoop,*
   11 F.3d 119 (9th Cir. 1993)................................................................passim

*United States v.Webb,*
   691 F. Supp. 1164 (N.D. Ill. 1988) ...................................................passim

*United States. v. Mills,*
   140 F.3d 630 (6th Cir. 1998)..........................................................1, 5, 20, 21

*Walker v. United States,*
   176 F.2d 796 (9th Cir. 1949) ..................................................................... 2

**Statutes**

United States v. Vargas-Castillo,
   329 F.3d 715 (9th Cir. 2003)............................................................... 24

U.S. Const. amend. VI ............................................................... 1, 28, 29

U.S. Const. amend. V ................................................................ 1, 3, 28

18 U.S.C § 208................................................................................ 23

18 U.S.C. § 201 ......................................................................... 15, 16

18 U.S.C. § 201(c)(1)(A) .................................................................. 16

18 U.S.C. § 371................................................................................. 1

18 U.S.C. § 666...........................................................................passim

18 U.S.C. § 666(a)(1)(B) .............................................................passim

18 U.S.C. § 666(a)(2) ..................................................................passim

18 U.S.C. § 666(c) ...............................................................20, 21, 23

18 U.S.C. § 666(d)(1) ..................................................................... 13

18 U.S.C. § 1957 ..............................................................1, 25, 26, 27

Cal. Pen. Code § 641.3 ................................................................... 26

**Other Authorities**

H.R.Rep. 797, 99th Cong., 2d Sess. 30 & n. 9 (1986), reprinted in 1986
   U.S.C.C.A.N. 6138, 6153 & n.9................................................... 21

**Rules**

Fed. R. Evid. 801 (d)(2)(E)......................................................... 28, 29

**Page(s)**

Fed. R. Crim. P. 7 .................................................................................. 1

Fed. R. Crim. P. 7 (c)(1) ....................................................................... 1

Fed. R. Crim. P. 12(b)(3)(B) ................................................................. 1

Fed. R. Crim. P. 12(b)(3) ....................................................................... 1

Fed. R. Crim. P. 12(b)(2) ....................................................................... 1

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The First Superseding Indictment ("Indictment") launches an absurdly ambitious and overreaching attack on Defendants David Alan Heslop, Paul Bardos, Gary Kovall, and Peggy Shambaugh, charging multiple violations of 18 U.S.C. § 666 ("Theft or bribery concerning programs receiving Federal funds") as well as a violation 18 U.S.C. § 371 (alleging conspiracy to violate the same bribery statute). These charges are primarily based on conclusory allegations that Defendants were involved in a bribery scheme pursuant to which Defendant Bardos was awarded construction contracts with the Twenty-Nine Palms Band of Mission Indians ("the Tribe"). The Indictment also charges Defendants Heslop, Bardos, and Shambaugh with multiple violations of 18 U.S.C. § 1957 for purportedly "engaging in monetary transactions in property derived from specified unlawful activity," namely, commercial bribery under California state law.[1] Dismissal of the Indictment is warranted for several reasons.

***First***, the government's paltry factual allegations fail to state violations of 18 U.S.C. § 666 as a matter of law. Section 666 penalizes the giving of bribes to an agent of an organization receiving at least $10,000 in federal funds during a one-year period, with the intent to influence or reward that agent in connection with any business, transaction, or series of transactions of such organization involving anything of value of $5,000 or more. Section 666 also penalizes the receipt of such bribes by the agent. Shockingly, the section 666 counts fail to adequately allege even the most basic elements of the crime. For example, the government fails to adequately allege (1) that Mr. Heslop and/or Mr. Kovall were "agents" of an organization receiving federal funds during the relevant time period; (2) that any payments were given or received with the requisite corrupt intent to engage in a *quid*

---

[1] The Indictment also charges Defendant Kovall with violations of 18 U.S.C. § 1343 and Defendant Bardos with violations of 26 U.S.C. § 7201 and 26 U.S.C. § 7206, but those counts are not addressed in this motion.

1 *pro quo*; indeed, the section 666 counts fail specify even a single transaction
2 influenced by the purported "bribes"; or (3) that the unspecified "construction-
3 related contracts" were not bona-fide transactions excluded from the reach of
4 section 666.  Thus, these counts fail to state facts sufficient to inform Defendants of
5 the specific offenses with which they are charged or to protect them against double
6 jeopardy in any future prosecution.  As such, they should be dismissed as
7 unconstitutionally vague.

8      *Second*, the section 666 counts should be dismissed as multiplicitous.  The
9 Indictment alleges *thirty-two* separate violations of section 666 against Defendants,
10 *sixteen* of which are alleged against Mr. Heslop alone.  Although courts considering
11 the applicable unit of prosecution for section 666 violations have aggregated bribe
12 payments during the relevant one-year period so long as those payments were made
13 pursuant to a single bribery scheme, the government in this case charged Defendants
14 with a separate count for *each* alleged bribery payment even though the government
15 also alleges that all such payments were made pursuant to a single scheme or
16 conspiracy.  Defendants should not be punished multiple times for the same offense
17 and should therefore each face, at most, one count under section 666.

18      *Third*, like the section 666 counts, the section 1957 counts are
19 unconstitutionally vague and fail to provide defendants with the legally required
20 notice needed to mount a defense or plead double jeopardy.  In particular, the
21 government alleges that Defendants Heslop, Bardos, and Shambaugh engaged in
22 monetary transactions involving proceeds from "specified unlawful activity," which
23 is identified, without elaboration, as commercial bribery in violation of California
24 Penal Code § 641.3.  Although the government is required to prove at trial that a
25 violation of California Penal Code § 641.3 in fact occurred in order to prove its
26 section 1957 charges, nowhere does the Indictment allege any facts sufficient to
27 inform Defendants of the specific offense charged.  For example, the Indictment
28 does not allege even basic facts informing Defendants regarding the person or

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 2 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1  persons alleged to have engaged in commercial bribery, when, and for what

2  purpose.  Thus, Defendants are not able to mount an adequate defense to these

3  charges.

4      ***Finally***, because the conspiracy count alleges at least two distinct

5  conspiracies, it should be dismissed as duplicitous.

6      For these reasons, Defendants respectfully request this Court to dismiss

7  Counts 1 though 31 and 34 through 52 of the Indictment.

8  **I.    LEGAL STANDARD**

9      The Sixth Amendment provides that "in all criminal prosecutions, the accused

10  shall enjoy the right … to be informed of the nature and cause of the accusation."

11  U.S. CONST. amend. VI.  This constitutional protection is implemented by Federal

12  Rule of Criminal Procedure 7, which requires that the indictment "be a plain,

13  concise, and definite written statement of the essential facts constituting the offense

14  charged."  FED. R. CRIM. P. 7 (c)(1).  At any time while the case is pending, the

15  court may hear a claim "that the indictment . . . fails to invoke the court's

16  jurisdiction or to state an offense."  FED. R. CRIM. P. 12(b)(3)(B).  A district court's

17  ruling concerning the adequacy of an indictment is a question of law.  *United States.*

18  *v. Mills*, 140 F.3d 630, 631 (6th Cir. 1998) (affirming dismissal of indictment in

19  section 666 case).

20      In determining the validity of an indictment, the issue is whether the

21  indictment provides "the substantial safeguards" to criminal defendants that

22  indictments are designed to guarantee.  *Russell v. United States*, 369 U.S. 749, 763,

23  82 S. Ct. 1038, 1046 (1962); *see United States v. Cecil*, 608 F.2d 1294, 1296 (9th

24  Cir. 1979) (per curiam).  Pursuant to this purpose, an indictment must furnish the

25  defendant with a sufficient description of the charges against him to enable him to

26  prepare his defense, to ensure that the defendant is prosecuted on the basis of facts

27  presented to the grand jury, to enable him to plead jeopardy against a later

28  prosecution, and to inform the court of the facts alleged so that it can determine the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 3 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1   sufficiency of the charge.  *See Cecil*, 608 F.2d at 1296; *Russell*, 369 U.S. at 768

2   n.15; *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979); *United States v.*

3   *Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976).  To perform these functions, the

4   indictment must set forth the elements of the offense charged and contain a

5   statement of the facts and circumstances that will inform the accused of the specific

6   offense with which he is charged.  *Cecil*, 608 F.2d at 1296 (citing *Hamling v. United*

7   *States*, 418 U.S. 87, 117-18, 94 S. Ct. 2887, 2908 (1974)).

8        In other words, an indictment cannot survive a motion to dismiss merely

9   because it "recites in general terms the essential elements of the offense."  *United*

10  *States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002), *abrogated on other grounds*

11  *by Skilling v. United States*, 130 S. Ct. 2896, 2927-35, 177 L. Ed. 2d 619 (2010).

12  Rather, there must be a linkage between the elements and the facts: The "specific

13  facts alleged in the charging instrument" must satisfy the elements of the offenses

14  charged.  *Id.*  As the Ninth Circuit has explained, "the fact that an indictment may

15  have tracked the language of the statute will not render it valid if it fails to allege an

16  essential element of the offense or the minimum facts required to fulfill the purposes

17  of indictments."  *Cecil*, 608 F.2d at 1297.

18        Importantly, "each count in an indictment is regarded as if it were a separate

19  indictment and must be sufficient in itself.  Therefore, it must stand or fall upon its

20  own allegations without reference to other counts not expressly incorporated by

21  reference."  *Walker v. United States*, 176 F.2d 796, 798 (9th Cir. 1949); *see United*

22  *States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1159 (9th Cir. 2004) (citing *Walker*,

23  "re-affirm[ing] this longstanding rule's validity," and noting the agreement of sister

24  circuits); *United States v. Miller*, 774 F.2d 883, 885 (8th Cir. 1985) (reversing

25  conviction for failure to expressly incorporate allegations made elsewhere in the

26  indictment); *United States v. Winter*, 663 F.2d 1120, 1137-38 (1st Cir. 1981) (same),

27  *abrogated on other grounds by Salinas v. United States*, 522 U.S. 52, 118 S. Ct. 469

28  (1997); *United States v. Fulcher*, 626 F.2d 985, 988 (D.C. Cir. 1980) (same,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 4 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1   requiring incorporation by reference, not "by osmosis").  Moreover, failure to

2   incorporate paragraphs by reference "is a particularly striking omission" where

3   counts incorporate some, but not all, other indictment paragraphs, "showing that the

4   grand jury knew how to incorporate by reference if it so chose." *United States v.*

5   *Hooker*, 841 F.2d 1225, 1231 (4th Cir. 1988) (en banc).

6       In multi-count indictments, courts engage in a detailed analysis of whether

7   specific allegations have or have not been incorporated by reference, as "[t]he Grand

8   Jury's limitation of its incorporation to [specific allegations] must be given effect."

9   *United States v. Blumhagen*, No. 03-CR-56S, 2005 WL 3059395, at *3 (W.D.N.Y.

10  Nov. 15, 2005) (granting motion to dismiss for failure to expressly incorporate

11  allegations made elsewhere in the indictment); *see, e.g.*, *Miller*, 774 F.2d at 885;

12  *Fulcher*, 626 F.2d at 988; *Hooker*, 841 F.2d at 1231.  "Adherence to the language of

13  the indictment is essential because the Fifth Amendment requires that criminal

14  prosecutions be limited to the unique allegations of the indictments returned by the

15  grand jury." *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001).  Failure to

16  allege an element prevents the reviewing court from concluding that the grand jury

17  considered the element before returning the indictment.  *See id.*  Thus, if a count in

18  an indictment fails to allege essential elements of the crime or state the facts and

19  circumstances necessary to inform the accused of the specific offense with which he

20  is charged, the count must be dismissed, even if allegations made elsewhere in the

21  indictment might fill those gaps had they been incorporated into the count in

22  question.  *See United States v. Blumhagen*, No. 03-CR-56S, 2005 WL 3059395, at

23  *3 (W.D.N.Y. Nov. 15, 2005); *Miller*, 774 F.2d at 885; *Fulcher*, 626 F.2d at 988;

24  *Hooker*, 841 F.2d at 1231.

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 5 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

## II.  ARGUMENT

### A.  The Section 666 Counts Are Impermissibly Vague.

#### 1.  Statutory Background

18 U.S.C. § 666, entitled "Theft or bribery concerning programs receiving Federal funds," restricts itself to crimes of theft or bribery involving agents of some governmental entities receiving federal funds. *See* 18 U.S.C. § 666(a)(1)(B), (a)(2). The statute reads, in relevant part:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists--
>
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--
>
> . . . .
>
> (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; or
>
> (2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;
>
> shall be fined under this title, imprisoned not more than 10 years, or both.
>
> (b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 6 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1      period, benefits in excess of $10,000 under a federal program

2      involving a grant, contract, subsidy, loan, guarantee, insurance, or

3      other form of federal assistance.

4      . . . .

5      (d) As used in this section—

6       (1) the term "agent" means a person authorized to act on behalf of

7      another person or a government and, in the case of an organization or

8      government, includes a servant or employee, and a partner, director,

9      officer, manager, and representative; . . . .

10  18 U.S.C. § 666. The statute also restricts its reach to only certain types of

11  government "business" or "transactions":

12      (c) This section does not apply to bona fide salary, wages, fees, or

13      other compensation paid, or expenses paid or reimbursed, in the usual

14      course of business.

15  *Id.* Thus, for violations of 18 U.S.C. § 666 (a)(1)(B), the government must plead the

16  following elements:

17      (1)     The defendant was an agent of a statutorily-defined governmental

18                organization receiving benefits of more than $10,000 under a federal

19                program in the relevant one-year period;

20      (2)     The defendant solicited, demanded, accepted, or agreed to accept

21                something of value;

22      (3)     The defendant did so corruptly with the intent to be influenced or

23                rewarded in connection with a non-bona fide business, transaction or

24                series of transactions of the organization; and

25      (4)     The value of the business, transaction, or series of transactions in

26                question was at least $5,000.

27  *See United States v. Mills*, 140 F.3d 630, 632-33 (6th Cir. 1998); *United States v.*

28  *Wyncoop*, 11 F.3d 119, 121-23 (9th Cir. 1993); *United States v. Sunia*, 643 F. Supp.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2d 51, 61-69 (D.C.D.C. 2009).  Similarly, for violations of 18 U.S.C. § 666(a)(2), the government must plead the following elements:

(1)   The defendant gave, offered, or agreed to give anything of value to another person;

(2)   The defendant did so corruptly with the intent to influence or reward an agent of a statutorily-defined governmental organization, in connection with a non-bona fide business, transaction, or series of transactions of the organization;

(3)   The value of the business, transaction, or series of transactions in question was at least $5,000; and

(4)   The organization received benefits of more than $10,000 under a federal program in the relevant one-year period.

**2.     The Bare Allegations In the 666 Counts Fail To Plead The Essential Elements Of The Crime And Do Not Sufficiently Inform Defendants Of The Specific Offense Charged.**

As discussed above, the Indictment must set forth the essential elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged.  *Cecil*, 608 F.2d at 1296.  Counts 2 through 31, 34, and 35 of the Indictment—the section 666 counts—fall far short of these requirements.

**(a)     Mr. Heslop is not alleged to be an agent of the Tribe, and Echo Trail Holdings, LLC is not alleged to be a qualifying organization receiving federal funds.**

Agency is an essential element of a section 666 violation.  *See Sunia*, 643 F. Supp. 2d at 61-69 (granting motion to dismiss section 666 charges based on deficient allegations of agency); *United States v. Ferber*, 966 F. Supp. 90, 100-01 (D. Mass. 1997) (granting judgment of acquittal regarding thirteen section 666(a)(1)(B) charges based on insufficient evidence of agency).  To survive a

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 8 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1  motion to dismiss, an indictment must allege agency with specificity, including

2  allegations that (1) the defendant was an agent of a qualifying organization receiving

3  federal assistance; (2) during the relevant time period; (3) whose allegedly corrupt

4  receipt or solicitation of bribes was based on his legally conferred agency authority.

5  *See Sunia*, 643 F. Supp. 2d at 65-68 (granting motion to dismiss section 666 counts

6  as "the government does not allege that the defendants used any official authority

7  conferred upon them by their [governmental] positions" to violate section 666, and

8  as Indictment did not adequately specify duration of agency) (quotation marks

9  omitted).  Thus, to withstand a motion to dismiss, Counts 2 through 9 against

10 Defendant Bardos, Counts 10 through 17 and 35 against Defendant Heslop, and

11 Count 34 against Defendant Shambaugh—all of which depend on Mr. Heslop's

12 status as an agent of the Tribe to survive—must allege that Mr. Heslop was in fact

13 an agent of the Tribe when the payments listed in these counts were purportedly

14 made by Mr. Bardos and/or Ms. Shambaugh and received by Mr. Heslop.  Yet these

15 counts make no such allegation.

16      In fact, these counts say nothing whatsoever about Mr. Heslop's agency.  For

17 example, paragraph 16 contains the core of the government's allegations with

18 respect to Counts 10 through 17, alleging in a conclusory fashion that Mr. Heslop:

19          corruptly solicited, demanded, accepted, and agreed to accept things

20          of value from a person, that is, monetary payments set forth below,

21          intending to be influenced and rewarded in connection with a

22          transaction and series of transactions of the Tribe involving $5,000 or

23          more, namely, the awarding of the Tribe's construction-related

24          contracts.

25 Indictment ¶ 16.  Noticeably absent is any allegation that Mr. Heslop was *ever* an

26 agent of the Tribe, the only organization alleged in the Indictment to have received

27 benefits of more than $10,000 under any federal program.  *See id.* ¶¶ 13, 16.  The

28 same is true of the conclusory allegations contained in Counts 2 through 9, 34, and

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

35.  Moreover, Counts 34 and 35 confusingly allege that *Ms. Shambaugh*—the person *making* the alleged payment to Mr. Heslop—was the agent of the Tribe with respect to the transaction in question, *not* Mr. Heslop.  *Id.* ¶¶ 34, 35 ("SHAMBAUGH….the Tribe's purported agent for the purchase of the property").[2]

These fatal defects are not cured by resorting to the background paragraphs incorporated by reference into Counts 2 through 17, 34, or 35 (*i.e.*, paragraphs 1 through 8 and 13, and 22, the *only* paragraphs in the Indictment incorporated by reference into the section 666 Counts).  Nowhere do the incorporated paragraphs describe Mr. Heslop as an agent of the Tribe or allege facts sufficient to support the existence of any such agency relationship.  Rather, paragraph 5 alleges only that Mr. Heslop acted at some undefined point in time as manager of Echo Trail Holdings, LLC, a for-profit *California limited liability company* created for the purpose of purchasing real estate.  *See id.* ¶¶ 3, 5.

The Indictment also does not allege that Echo Trail Holdings, LLC was an "agency" of the Tribe or received any federal funds directly or indirectly, let alone

---

[2] To confuse matters even more, Count 35 against Mr. Heslop alleges a violation of 18 U.S.C. § 666(a)(2)—which prohibits the *giving* of a bribe—yet only alleges that he *accepted* a payment from Ms. Shambaugh (who is alleged to be the agent of the Tribe for the transaction in question, not Mr. Heslop).  Thus, although Count 35 purports to charge a violation of section 666(a)(2) against Mr. Heslop, the relevant paragraphs in the Indictment actually resemble allegations of a section 666(a)(1)(B) violation.  *Compare id.*, at 24:2, *with id.* at ¶ 29, *with* 18 U.S.C. § 666(a)(1)(B), (a)(2).

But, even if Count 35 *had* charged Mr. Heslop with a violation of 18 U.S.C § 666(a)(1)(B) as the recipient of the alleged bribe, it would still suffer fatal pleading defects, along with Count 34.  Paragraph 22 of the Indictment, which is incorporated by reference into Counts 34 and 35, alleges that Mr. Kovall, not Mr. Heslop, negotiated the purchase price of the 47-acre parcel of land.  Likewise, paragraphs 27 and 29 allege that Ms. Shambaugh, not Mr. Heslop, was the Tribe's agent with respect to the purchase.  And, as discussed above, Count 35 does not allege that Echo Trail Holdings, LLC ever received federal funds; that Mr. Heslop was an agent of Echo Trail Holdings, LLC during the relevant time period; that Mr. Heslop exercised his authority as an agent in any way in connection with the purchase of the land or the payment of a commission to Ms. Shambaugh; or that the purchase of the land was unnecessary or unjustified.  Count 35 is therefore a nonsensical mishmash of contradictions and deficient pleading that fails to state any violation of section 666 and must be dismissed.  *See id.* ¶¶ 1-8, 13, 22, 28-28.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 10 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

benefits of more than $10,000 under any federal program in a one-year period.  Nor could it: To qualify as a section 666 governmental organization, the organization or agency must receive federal funds directly.  *See Wyncoop*, 11 F.3d at 122-23 (where organization received federal funds only *indirectly*, organization's employees were not agents under section 666); *United States v. Cabrera*, 328 F.3d 506, 509 (9th Cir. 2003) (reaffirming *Wyncoop*'s holding that, to constitute a section 666 violation, "the defrauded program or agency must receive federal funding directly"); *see also United States v. Stewart*, 727 F. Supp. at 1068, 1072-73 (N.D. Texas 1989) (organization performing custom services for governmental entity is not a section 666 qualifying entity, nor are its employees section 666 agents); *United States v. Webb*, 691 F. Supp. 1164, 1167-70 (N.D. Ill. 1988) (company performing consulting services for federal agency is not a section 666 qualifying entity, nor are its employees section 666 agents).

As the Supreme Court has explained, Congress intended for section 666 to apply where there is "a threat to the integrity and proper operation of [a] federal program."  *Salinas*, 522 U.S. at 61.  "However, the 'integrity' of a federal program can only be 'threatened' from within; i.e., by an agent of the program receiving federal funds."  *Sunia*, 643 F. Supp. 2d at 64 (citing *Salinas*, 622 U.S. at 61).  Here, the government has not alleged that Echo Trail Holdings, LLC received any federal funds *even indirectly*.  Thus, it is not alleged to be a qualifying covered entity for purposes of section 666.  Accordingly, even if it were proper to infer from paragraph 5 that Mr. Heslop was at some unspecified point in time an "agent" of Echo Trail Holdings, LLC—which is not expressly alleged, and which cannot be inferred—the government has still failed to state an offense under 18 U.S.C. § 666.

The Indictment also fails to allege that the purportedly corrupt receipt or solicitation of payments was based on any legally conferred agency authority.  Indeed, nowhere does the Indictment allege any agency authority that Mr. Heslop misused, or how he did so.  There are no allegations that Mr. Heslop's work for

1  Echo Trail Holdings, LLC related in any way to the alleged awarding of the

2  unspecified "construction-related contracts" by the Tribe or that his work for Echo

3  Trail Holdings, LLC related either temporally or substantively to any of the

4  payments alleged in Counts 2 through 17 of the Indictment.

5      Notably, courts have dismissed indictments containing allegations far more

6  specific than the allegations in this case, particularly in regards to the agency

7  element. *See, e.g.*, *Sunia*, 643 F. Supp. at 67-70; *Wyncoop*, 11 F.3d at 121-23.  For

8  instance, in *Sunia*, the indictment alleged specifically that the defendants conspired

9  "to personally enrich themselves, their relatives, and their business associates by

10  using their positions in the American Samoa government and relationships with the

11  Director of Education and Chief Procurement Officer to secure for companies under

12  their control lucrative payments totaling hundreds of thousands of dollars." *Sunia*,

13  643 F. Supp. at 57, 67.  The indictment contained several specific allegations of the

14  alleged misconduct, including that the defendants "obtained payments in connection

15  with [governmental] furniture projects by . . .  improperly structuring invoices and

16  other procurement documents . . . ." *Id*. at 57.  Unlike in Counts 2 through 9, 10

17  through 17, 34, and 35 of this Indictment, the allegations in that case alleged

18  precisely which positions the defendants used to enrich particular individuals, and

19  for whose benefit.  *See id*.

20      Nonetheless, the court dismissed the charges, holding the allegations deficient

21  for failing to allege specifically which agency authority the defendants used to

22  engage in the corrupt acts.  *See id*. at 67 (government failed to allege "that the

23  defendants misused their official authority as agents of the legislative branch to

24  convert funds from the executive branch").  The court also held that the allegations

25  were deficient for failing to specify precisely how the defendants used their

26  authority illegally.  *See id*. ("[A]lleging that the defendants planned to 'use their

27  positions' in the legislative branch to their advantage in some unspecified way is not

28  the same as alleging that they actually used the authority conferred upon them by

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

2729580

- 12 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

law to convert funds from the American Samoa Department of Treasury."). Although the allegations in *Sunia* were far more specific than the allegations in this case—in which it is entirely unclear what authority Mr. Heslop is charged with misusing, or how—those allegations were still a "far cry" from being sufficient to avoid a motion to dismiss. *Id*. at 67; *see also United States v. Abu-Shawish*, 507 F.3d 550, 558 (7th Cir. 2007) (reversing conviction after trial, under plain error standard, "[b]ecause the indictment did not allege that [the defendant violated section 666 regarding] the organization for which he served as an agent").

　　　　Other courts have also held that the mere provision of goods or services for a governmental organization does not amount to an agency relationship with that organization.  For instance, in *Ferber*, the court examined with particularity the defendant's alleged role in a section 666(a)(1)(B) bribery scheme.  *See Ferber*, 966 F. Supp. at 100-01.  Although defendant Ferber, a financial advisor to the government, was a fiduciary of the public entities in question, he was not an "agent" of those entities under section 666 as his role was solely "advisory."  *Id*.  In *Webb*, although the defendant performed services for an accounting firm that defrauded the United States by falsifying records, embezzling government benefits, and stealing government checks, the defendant was not an agent of a qualifying governmental agency because she performed services for the accounting firm, not the United States directly.  *See Webb*, 691 F. Supp. at 1165-66, 1169-70.  And in *Stewart*, the indictment was dismissed because it alleged that the defendants were agents not of the government, but of a third-party company that the government used for merely commercial transactions.  *See Stewart*, 727 F. Supp. at 1072-73 (government's specific allegations of defendant's provision of "custom manufactured goods" for the government insufficient to demonstrate agency of qualifying governmental organization).

　　　　In sum, because Counts 2 through 17, 34, and 35 do not allege, as they must, that Mr. Heslop was an agent of the Tribe—or any other governmental organization

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

(or agency thereof) receiving federal funds—when he received the purported bribe payments or any other time, they are insufficient as a matter of law. The government's complete failure to allege Mr. Heslop's agency, including what agency power he may have used, when, regarding which "construction-related projects," and for whose benefit, renders the Indictment insufficient to support federal jurisdiction, unconstitutionally vague, and inadequate to apprise Mr. Heslop, Mr. Bardos, and Ms. Shambaugh of the charges being brought against them. *See Wyncoop*, 11 F.3d at 122-23 (dismissing indictment where defendant alleged to be employee of organization receiving federal benefits only indirectly); *United States v. Cabrera*, 328 F.3d 506, 509 (9th Cir. 2003) (reaffirming *Wyncoop*'s holding that, to constitute a section 666 violation, "the defrauded program or agency must receive federal funding directly"); *see also Stewart*, 727 F. Supp. at 1072-73  (granting motion to dismiss section 666 counts for failure to allege agency of organization receiving federal benefits); *Webb*, 691 F. Supp. at 1167-70 (granting motion for judgment notwithstanding the verdict on section 666 charge for failure to prove agency of organization receiving federal benefits); *United States v. Valentine*, 63 F.3d 459, 462 (6th Cir. 1995) (period of agency must coincide with alleged corrupt acts).  Accordingly, Counts 2 through 17, 34, and 35 must be dismissed.

### (b) Mr. Kovall is not adequately alleged to be an agent of the Tribe.

The validity of Counts 2 through 9 (which purport to allege violations of 18 U.S.C. § 666(a)(2) by Mr. Bardos), Counts 18 through 24 (which purport to allege violations of 18 U.S.C. § 666(a)(2) by Mr. Heslop) and Counts 25 through 31 (which purport to allege violations of both 18 U.S.C. § 666(a)(1)(B) and (a)(2) against both Mr. Kovall and Ms. Shambaugh) depends on Mr. Kovall's status as an agent of the Tribe.[3]  Yet nowhere do these counts expressly allege that Mr. Kovall

---

[3] The allegations in Counts 2 through 9 are particularly vague as they fail to specify whether Mr. Bardos intended to influence Mr. Heslop or Mr. Kovall when he made the alleged payments to Mr. Heslop.  It is unclear whether all of the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 14 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1  was an agent of the Tribe, let alone that he served as an agent of the Tribe when the

2  alleged payments were made or in connection with the unspecified "construction-

3  related contracts" that he purportedly intended to influence. *See, e.g.*, *Sunia*, 643 F.

4  Supp. 2d at 68 (granting motion to dismiss section 666(a)(2) charges).

5        Rather, the Indictment alleges only that Mr. Kovall served as legal counsel to

6  the Tribe during an unidentified period of time—not as an employee, servant,

7  partner, director, officer, manager, or representative, but as an outside attorney who

8  sent the Tribe invoices for his work—and "advised" the Tribe to enter into

9  unspecified contracts with Mr. Bardos and Mr. Heslop.  Indictment ¶ 3 (expressly

10  incorporated into the substantive bribery counts by reference).  The government

11  does not allege Mr. Kovall was "authorized to act on behalf of" the Tribe.  *See* 18

12  U.S.C. § 666(d)(1) (defining "agent" as one who is "authorized to act on behalf of

13  another person or a government").  Mr. Kovall's role as legal counsel for the Tribe

14  is, by itself, not enough to substantiate an allegation of agency for purposes of 18

15  U.S.C. § 666.  *See Sunia*, 643 F. Supp. 2d at 65-68 (indictment dismissed for failure

16  to allege that defendant was counsel to particular branch of government from which

17  the relevant agency power derived); *Ferber*, 966 F. Supp. at 100 (holding an

18  advisory role was insufficient to establish agency).

19        *Ferber* is instructive on this issue.  Ferber was a financial advisor specializing

20  in public financing.  He was retained as an advisor to various public entities and he

21  was employed by various investment banking firms.  The district court found that

22  Ferber's role as advisor created a fiduciary relationship between Ferber and his

23  public entity clients in that his clients, "placed a special trust and confidence in

24  [Ferber] based upon his knowledge and expertise and expected him to act in their

25  best interests."  *Ferber*, 966 F. Supp. at 92.  The court held that although Ferber

26

27  payments were intended to influence one or both of the defendants with respect to
some or all of the "construction-related contracts."  Thus, Mr. Bardos is unable to

28  mount an intelligible defense with respect these counts.  They should be dismissed
on this additional basis.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580      DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

took advantage of his fiduciary relationship and accepted bribes from Wall Street firms to get favorable treatment from the public entities he represented and advised, he did not have authority to act on behalf of those public entities. Ferber's role was solely advisory in nature. Thus, although he made recommendations concerning the pubic entities' courses of action, such as which investment banks to hire, the power to act was retained by the public entity clients themselves. Accordingly, the court concluded that Ferber was not an agent of the public entity clients within the meaning of 18 U.S.C. § 666 and the bribery counts were dismissed. *Id.* at 100.

Just as in *Ferber*, Mr. Kovall's relationship with the Tribe concerning who the Tribe should do business with was solely advisory in nature. The power to act, *i.e.*, the power to contract, was retained by the Tribe, and the Indictment does not allege otherwise. Nor does the Indictment contain even a generalized allegation that Mr. Kovall had authority to act on the Tribe's behalf. Thus, although the question of whether an agency relationship exists may sometimes be a question of fact for the jury, here the government does not allege even the basic facts from which a court or a jury could conclude Mr. Kovall was an agent for purposes of 18 U.S.C. § 666. *See Sunia*, 643 F. Supp. 2d at 65-68 (indictment dismissed for failure to allege that defendant was counsel to particular branch of government from which the relevant agency power derived).

In sum, the government has not adequately alleged with sufficient factual particularity that Mr. Kovall was an agent of the Tribe for purposes of Counts 2 through 9 and 18 through 31. These counts must be dismissed as they are unconstitutionally vague and fail to state a violation of 18 U.S.C. § 666.[4]

---

[4] The legally irrelevant statements in paragraph 4 of the Indictment regarding Mr. Kovall's general ethical obligations as a lawyer are highly prejudicial to Defendants and have no place in a case such as this one. Indeed, if such evidence was presented to the grand jury, it may have improperly influenced the return of the Indictment. Without the grand jury transcripts, it is currently unknown to what extent these allegations may have prejudiced the defendants. While such allegations may in the past have been relevant to establish an "honest services" violation, they have no place in this section 666 case. It is clear that the government intends to shoehorn nondisclosure and breach of fiduciary duty arguments into its bribery

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

(c)     **The section 666 Counts fail to allege quid pro quo bribery.**

The very title of 18 U.S.C. § 666 reveals that its purpose is to punish "[t]heft or *bribery* concerning programs receiving federal funds."  18 U.S.C. § 666 (emphasis added).  The Supreme Court has held that "[b]ribery requires intent 'to influence' an official act or 'to be influenced' in an official act."  *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404, 119 S. Ct. 1402, 1406 (1999) (distinguishing between bribes and gratuities under 18 U.S.C. § 201).  In other words, "for bribery there must be a quid pro quo-a specific intent to give or receive something of value in exchange for an official act."  *Id*. at 405.  Thus, an essential element of section 666(a)(1)(B) and (a)(2) violations is "the 'corrupt intent' element of bribery, which is the 'intent to engage in a relatively specific quid pro quo.'"  *United States v. Jennings*, 160 F.3d 1006, 1020, 1022 (4th Cir. 1998) (reversing a section 666(a)(2) conviction under plain error standard as jury instruction contained "corrupt intent" instruction but "omit[ed] the basic quid pro quo requirement"); *see also U.S. v. Kohring*, 637 F.3d 895, 909 (9th Cir. 2011) (reversing a section 666(a)(1)(B) conviction and remanding for new trial because material evidence had been suppressed by prosecutor showing, *inter alia*,  that defendant had never been asked to do anything in exchange for payments or told the payments were "quid pro quo"); *United States v. Siegelman*, 561 F.3d 1215, 1226 (11th Cir. 2009) (ruling that "the official must agree to take or forego some specific action in order for the doing of it to be criminal" under section 666; "close-in-time

---

charges, effectively evading the Supreme Court's honest services ruling in *U.S. v. Skilling*.  Defendants reserve their right to move to strike these irrelevant allegations after reviewing the grand jury transcripts and reserve their right to move *in limine* to exclude evidence of Mr. Kovall's purported ethical duties as a lawyer.  Defendants foresee a "variance" argument at trial if these allegations are not struck from the Indictment or if the government is permitted to introduce evidence along these lines at trial.  Indictment ¶ 4.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1   relationship" between the gift and the action is not sufficient; instead, a real quid pro

2   quo must be proven), *vacated on other grounds by Skilling*, 130 S. Ct. at 2927-35).[5]

3        Here, Counts 2 through 31 contain only the bare bones allegations that the

4   referenced payments were intended to influence or reward either Mr. Heslop or Mr.

5   Kovall or both "in connection with a transaction and series of transactions of the

6   Tribe involving $5000 or more, namely, the awarding of the Tribe's construction-

7   related contracts." Indictment ¶¶ 14, 16, 18, 20. These section 666 counts do not

8   identify or describe the nature of these contracts, the dates they were consummated,

9   the precise amount of money each involved, or the way in which Mr. Heslop or Mr.

10  Kovall acted as agents of Tribe or otherwise exerted influence with respect to them.

11

12       [5] Although a handful of courts have disagreed and held that quid pro quo

13  allegations are not necessary to state a bribery violation under 18 U.S.C. § 666,
    those decisions are not supported by the Supreme Court's holding in *Sun Diamond*

14  or the plain language and purpose of the bribery statute. Nor does such a reading
    comply with the rule of lenity. *United States v. Bass*, 404 U.S. 336, 347, 92 S. Ct.

15  515, 522 (1971) ("[A]mbiguity concerning the ambit of criminal statutes should be
    resolved in favor of lenity.") (citation and quotation marks omitted). In any event,

16  even if the Court sides with the handful of courts construing section 666 as
    criminalizing both bribes *and gratuities*, the Supreme Court holds that even

17  gratuities are not actionable unless the government alleges and proves "a link
    between a thing of value conferred . . . and a specific official act for or because of

18  which it was given." *Sun-Diamond*, 526 U.S. at 414 (construing the anti-gratuity
    portion of 18 U.S.C. § 201, which tellingly includes an express provision

19  criminalizing gratuities—a provision that is absent from 18 U.S.C. § 666). Thus, an
    indictment that fails to allege "a specific connection . . . between any [] action of the

20  [government agent] and the *gratuities conferred*" fails to allege corrupt intent
    because it "d[oes] not describe any official acts that the [briber] intended to induce

21  with his payments . . . ." *Id.*; *see also United States v. Frega*, 179 F.3d 793, 805
    n.11 (9th Cir. 1999) (noting that pursuant to *Sun-Diamond*, the government must

22  prove a link between a thing of value conferred upon a public official and a specific
    "official act" for or because of which it was given to establish a violation of the

23  federal anti-gratuity statute, 18 U.S.C. § 201(c)(1)(A)).

24       Thus, even if section 666 did not require specific quid pro quo allegations,
    which it does, the government is still required to allege at the very least "a link"

25  between the alleged payments and a specific act by an agent for or because of which
    they were given. Here, the government does not even attempt to allege such a link,

26  failing to identify even a single specific act that can be linked to any payment.
    Instead, the section 666 counts in the Indictment vaguely refer only to unspecified

27  "construction-related contracts" and do not identify what Mr. Heslop or Mr. Kovall
    did to secure such contracts or what they were expected to do to secure such

28  contracts.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 18 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

Nor is any specific contract or transaction in any way linked to a particular payment or payments.

Although the section 666 counts expressly incorporate by reference paragraphs 1 through 8 and 13, these paragraphs do not fill the pleading gaps as they do not further describe or identify the "construction-related contracts."  And while there are other paragraphs in the *conspiracy* count discussing certain construction-related contracts between Mr. Bardos and the Tribe in greater but still deficient detail, the grand jury *chose not to* incorporate those paragraphs by reference into the substantive § 666 counts.[6]  *See United States v. Hooker*, 841 F.2d 1225, 1231 (4th Cir. 1988) (en banc) (holding that the failure to incorporate paragraphs by reference "is a particularly striking omission" where counts incorporate some, but not all, other indictment paragraphs, "showing that the grand jury knew how to incorporate by reference if it so chose"); *United States v. Blumhagen*, No. 03-CR-56S, 2005 WL 3059395, at *3 (W.D.N.Y. Nov. 15, 2005) (granting motion to dismiss for failure to expressly incorporate allegations made elsewhere in the indictment, as "[t]he Grand Jury's limitation of its incorporation to [specific allegations] must be given effect"); *see also United States v. Miller*, 774 F.2d 883, 885-86 (8th Cir. 1985); *United States v. Fulcher*, 626 F.2d 985, 988 (D.C. Cir. 1980).

In addition, the language used to charge the crimes also introduces ambiguity into the allegations.  For instance, sections 666(a)(1)(B) and (a)(2) penalize the

---

[6] Even if the grand jury had incorporated by reference these conspiracy paragraphs into the substantive section 666 counts, which they knew how to do and chose not to, the section 666 counts would still fail to adequately allege quid pro quo bribery or even criminal gratuities.  For example, nowhere do those paragraphs describe how Mr. Heslop in any way influenced or intended to influence the referenced construction contracts as an agent of the Tribe or otherwise.  Moreover, the conspiracy paragraphs allege only that Mr. Kovall provided advice to the Tribe regarding some, but not all, of the contracts referenced in the conspiracy count.  Finally, there are references to many more construction-related contracts in the conspiracy count than there are payments referenced in the substantive section 666 counts, making it unclear which of those contracts could potentially supply the elements of the section 666 counts, or were considered by the grand jury in handing down the section 666 counts, if any.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 19 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1  receipt of bribes "intending to be influenced or rewarded" or the payment of a bribe

2  "intending to influence or reward."  But the government charges not one of these

3  two options, but, confusingly, both and neither at the same time, alleging that Mr.

4  Heslop and/or Mr. Kovall received payments intending to be influenced *and*

5  rewarded and, similarly, Mr. Bardos, Mr. Heslop, and Ms. Shambaugh made

6  payments both to influence *and* reward.  Indictment ¶¶ 14, 16, 18, 20.  Because

7  these allegations are followed only by a list of various payments, completely

8  unconnected to any particular projects or actions by Mr. Heslop or Mr. Kovall, it is

9  unclear whether any particular payment was allegedly made to "influence" or

10  "reward" any particular action.  That is, in addition to providing no details regarding

11  which construction projects were provided in exchange for which payments or how

12  the payments were otherwise linked to any specific act, the government also fails to

13  specify whether any of the alleged payments were prospective or retrospective

14  payments.[7]  For this additional reason, Counts 2-31 fall far short of alleging *any* link

15  between the alleged "bribes" and specific transactions involving $5,000 or more, let

16  alone a specific quid pro quo as required.

17       Counts 34 or 35, involving a land purchase by Echo Trail Holdings, LLC

18  rather than "construction-related contracts," suffer similar fatal defects.  They do not

19  allege, for instance, how the payment by Ms. Shambaugh to Mr. Heslop was

20  intended to influence or reward Mr. Heslop in connection with the land purchase in

21  question.  Nowhere does the indictment allege that Ms. Shambaugh paid Heslop *in*

22  *exchange for* any particular act relating to the land purchase.  There is no allegation,

23  for example, that Mr. Heslop was the decision maker for Echo Trail Holdings, LLC

24  regarding the land purchase or the awarding of a commission to Ms. Shambaugh.

25  Nor do these counts allege that making such decisions was even within Mr. Heslop's

26  decision-making authority as an agent.  These counts therefore fail to adequately

27

28       [7] The section 666(a)(2) charges contain the same modification of the statutory
language and thus similar ambiguities.  *See* 18 U.S.C. § 666(a)(2); Indictment ¶ 18.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1  allege Mr. Heslop and Ms. Shambaugh acted with corrupt intent to engage in quid

2  pro quo bribery.

3      In sum, the section 666 counts fail to adequately allege that defendants acted

4  with the requisite corrupt intent and do not apprise the defendants of the specific

5  offenses with which they are charged.  Sufficient facts are not alleged to ensure that

6  each defendant is prosecuted on the basis of facts presented to the grand jury, to

7  enable each defendant to plead jeopardy against a later prosecution and prepare a

8  meaningful defense, or to inform the court of the facts alleged so that it can

9  determine the sufficiency of the charge.  *Cecil*, 608 F.2d at 1296 (stating the

10  indictment must provide the defendant with a sufficient description of the charges);

11  *Russell*, 369 U.S. at 763, 768 n.-15 (holding the indictment must inform the court of

12  the facts alleged); *Keith*, 605 F.2d at 464 (noting the failure to include all essential

13  elements is a fatal defect); *United States v. Pheaster*, 544 F.2d at 360(noting the

14  indictment must state essential elements and facts).-  The section 666 counts must be

15  dismissed.

> **(d)    The section 666 Counts fail to allege that the awarding**
> **of construction-related contracts did not relate to bona**
> **fide transactions.**

19      The section 666 counts should also be dismissed for failing to allege that the

20  construction-related contracts (Counts 2 through 31) and land purchase by Echo

21  Trail Holdings, LLC (Counts 34 and 35) were not "bona fide" transactions.

22      Section 666(c) precludes the government from bringing section 666 charges

23  in cases where bribes were paid in exchange for the opportunity to provide the

24  government with bona fide goods or services.  *See* 18 U.S.C. § 666(c) ("This section

25  does not apply to bona fide salary, wages, fees, or other compensation paid, or

26  expenses paid or reimbursed, in the usual course of business.").

27      By including subsection (c), Congress "saw fit to exclude from the reach of

28  the federal statute those individuals and those transactions that involved only the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 21 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1    payment of bona fide salaries, wages, fees, and other compensation." *United States.*

2    *v. Mills*, 140 F.3d 634 (6th Cir. 1998).  The *Mills* court acknowledged that even

3    though the use of bribes to obtain benefits from the government is reprehensible,

4    Congress "determined that all such instances of bribery do not merit the attention of

5    the federal courts." *Id.*  Courts must guard against "turn[ing] almost every act of

6    fraud or bribery into a federal offense, upsetting the proper federal balance."

7    *Fischer v. United States*, 529 U.S. 667, 681, 120 S. Ct. 1780, 1788 (2000).

8           To survive a motion to dismiss, an indictment must allege that bribes were

9    paid in connection with a transaction that was not bona fide, such as unnecessary or

10   unjustified employment or other services.  *See Mills*, 140 F.3d at 633-34 (affirming

11   grant of motion to dismiss section 666(a)(1)(B) charges as "the government failed to

12   allege that the salaries received by individuals who paid bribes to obtain

13   employment positions within the . . . government were *unnecessary or unjustified*"

14   or that those individuals did not responsibly fulfill their duties) (emphasis added);

15   *see also Mullaney v. Wilbur*, 421 U.S. 684, 702, 95 S. Ct. 1881, 1891 (1975)

16   (government must "prov[e] a negative" on an element of the crime when there is "no

17   unique hardship on the prosecution that would justify requiring the defendant to

18   carry the burden").  Thus, "corrupt" awards of commercial contracts that

19   nevertheless further the organization's purpose are immune from prosecution under

20   section 666.  *See United States v. Rooney*, 37 F.3d 847, 854 (2d Cir. 1994) (citing

21   section 666(c) and reversing a section 666(a)(1)(B) conviction for "corrupt" quid

22   pro quo solicitation relating to construction project, as penalizing legitimate

23   construction project threatened to "chill legitimate negotiations" relating to contracts

24   in the government's interest).  Section 666 "does not seek to constrain lawful

25   commercial business practices." *Id.* (citing H.R.Rep. 797, 99th Cong., 2d Sess. 30

26   & n. 9 (1986), reprinted in 1986 U.S.C.C.A.N. 6138, 6153 & n.9) (quotation marks

27   omitted).

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 22 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1    Counts 2 through 31 fail to describe the business or transactions received in
2    exchange for the alleged payments, as those counts only vaguely allude to the
3    awarding of unspecified "construction-related contracts."  Indictment ¶¶ 16, 18.
4    There are no allegations that any "construction-related contracts" were awarded
5    unnecessarily or without justification, or that they would not have been awarded but
6    for the alleged bribes.  *See id.* ¶¶ 1-8, 13, 15-18.  For instance, there are no
7    allegations that, due to the contracts, the Tribe employed or compensated anyone, or
8    paid expenses or other reimbursements, for unnecessary or unjustified construction.
9    Indeed, these counts do not allege any details at all regarding any construction-
10   related contracts.  Similarly, Counts 34 and 35 fail to allege that the relevant real
11   estate purchase was unnecessary, unjustified, or otherwise outside "the usual course
12   of business."  *See id.*; 18 U.S.C. § 666(c).

13       Thus, the Court should dismiss Counts 2 through 31, 34, and 35 for failure to
14   state a violation of section 666, and for failure to fully allege the facts necessary for
15   the defendants to prepare their defense and to plead double jeopardy in any future
16   prosecution.  *See Mills*, 140 F.3d at 634.

17       **B.      The Section 666 Counts Are Multiplicitous.**

18       Multiple punishments for the same offense are prohibited by the Double
19   Jeopardy Clause of the Fifth Amendment.  *See United States v. Davenport*, 519 F.3d
20   940, 947-48 (9th Cir. 2008).  Where a defendant is charged with multiple violations
21   of the same statute, the inquiry into whether the defendant has been charged more
22   than once for the same "offense" regards "[w]hat Congress has made the allowable
23   unit of prosecution."  *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218,
24   221, 73 S. Ct. 227, 229 (1952); *see Sanabria v. United States*, 437 U.S. 54, 69-70,
25   98 S. Ct. 2170, 2181 (1978) (*citing Universal C.I.T. Credit Corp.*); *United States v.
26   Keen*, 104 F.3d 1111, 1118 (9th Cir. 1996) (same).

27       Here, the Indictment alleges ***thirty-two*** counts under 18 U.S.C. § 666—a
28   separate violation for each payment made and received by any of the Defendants—

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 23 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

despite the fact that the section 666 counts arise from a single alleged kickback scheme in connection with a "series of transactions" of a single organization during a single year.[8]   Although the Ninth Circuit has not yet considered the applicable unit of prosecution under section 666, other courts have recognized that there should not be more than one 666 count alleged against a single defendant involving a single qualifying organization per one-year period.  *See United States v. Urlacher*, 784 F. Supp. 61, 64 (W.D.N.Y. 1992); *United States v. Valentine*, 63 F.3d 459, 462-64 (6th Cir. 1995).  For example, in *Urlacher*, the court held that "the 'unit of prosecution' [for section 666 violations] is '$5,000 or more,' from whatever source, in any one year period in which the government or agency at issue receives more than $10,000 in Federal aid."  *Urlacher*, 784 F. Supp. at 64.  The Second Circuit affirmed the *Urlacher* court's dismissal of the section 666 count as multiplicitous and reiterated that the defendant "should not be charged with two counts of embezzlement for the same fiscal year."  *See United States v. Urlacher*, 979 F.2d 935, 936 (2d Cir. 1992).

The *Urlacher* court reasoned that because it is permissible to aggregate individual bribe payments within a one-year period in order to reach the $5,000 threshold required to state a section 666 violation, it would be "illogical and certainly unfair" to simply start over again in a separate and distinct count once that threshold was reached.  *Urlacher*, 784 F. Supp. at 64; *see also United States v. Webb*, 691 F. Supp. 1164, 1168 (N.D. Ill. 1988) ("[A]ggregation under § 666 is proper, *provided that the multiple conversions were part of a single scheme or plan the intent of which was to steal more than $5,000*.") (emphasis added).

_____

[8] As explained in Section II.C. *infra*, the conspiracy count (Count 1) actually alleges *two* distinct conspiracies or schemes and is duplicitous on that basis.  The first scheme concerns kickbacks related to the award of construction contracts to Mr. Bardos, while the second alleged conspiracy involves a purported overcharging by Mr. Bardos in connection with the purchase of granite.  However, no payments relating to the granite purchase are alleged in the substantive 666 counts.  *See* Counts 2 through 31, 34, 35 (alleging, deficiently, bribes made or received in connection with "construction-related contracts" and the award of commissions to Shambaugh).  Thus, the substantive 666 counts all relate to a single "kickback" scheme, not the granite purchase.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 24 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1    Thus, multiple payments made during a one-year period pursuant to a single

2    alleged scheme supports only one count under section 666 per defendant.  *See*

3    Recommended Decision on Motion to Dismiss, [9] *United States v. Swan*, No. 12-cr-

4    00027-JAW, at *8-12 (D. Me. Nov. 26, 2012), ECF No. 77 (recommending

5    dismissal of four counts under section 666 as multiplicitous because "a single

6    [section 666] count . . . in the context of one project/contract" was permissible, "not

7    a separate count for each payment," as individual payments "[a]re not separate

8    transactions[, but] simply steps in the fulfillment of a transaction) (citing *United*

9    *States v. Jewell*, 827 F.2d 586, 587 (9th Cir. 1987)); *Urlacher*, 979 F.2d at 936

10   (affirming dismissal of multiplicitous counts under section 666); *see also Jewell*,

11   827 F.2d at 587-88 (treating a series of transactions as constituting a single violation

12   of 18 U.S.C § 208).

13   The decisions in *Swan* and *Urlacher* are supported by the language and

14   purpose of section 666 (*i.e.*, to protect federal funds), which expressly applies in

15   one-year periods and is triggered only if payments are made or received with the

16   intent to be influenced or rewarded "in connection with any business, transaction, or

17   series of transactions of such organization, government, or agency involving

18   anything of value of $5,000 or more."  *See* 18 U.S.C. § 666(a)(1)(B), (a)(2), (c).

19   The number of distinct payments made in connection with a transaction or series of

20   transactions is irrelevant; rather, it is the value of the actual transaction or series of

21   transactions of the qualifying organization that triggers application of the statute.

22   Thus, a scheme or transaction-based unit of prosecution, rather than a

23   payment-based unit of prosecution, is consistent with the language and purpose of

24   the statute, as well as the rule of lenity.  *See Bell v. United States*, 349 U.S. 81, 82-

25   83, 75 S. Ct. 620, 622 (1955) (holding that rule of lenity prohibits cumulative

26   punishments in the absence of a clear congressional intent to do so); *Keen*, 104 F.3d

27

28   [9] This brief cites the magistrate judge's decision because, as of the date of this
brief's submission, the district judge in *Swan* has not yet ruled on the motion.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

at 1120 (same); *Swan*, Docket #77, at *10 (applying rule of lenity to section 666). Indeed, any ambiguity in the statute must be resolved in defendants' favor. *See United States v. Vargas-Castillo*, 329 F.3d 715, 721 (9th Cir. 2003). Yet, here, the government charges defendants with ***thirty-two*** counts, ***sixteen*** of which are asserted against Mr. Heslop.

Indeed, the unfairness of the Indictment's extreme multiplicity is well illustrated by the counts charged against Mr. Heslop in particular. The Indictment duplicates each section 666 count against Mr. Heslop based on the allegation that Mr. Heslop served as an intermediary for alleged bribe payments, instead of an end point. *Compare* Indictment at Counts 10-24, 35 (16 counts against Heslop), *with* Counts 2-9 (8 counts against Bardos), *with* Counts 25-31, 34 (8 counts against Shambaugh). This impermissible double counting illustrates the flaw in charging counts based on individual payments, as opposed to the allegedly criminal scheme. For the same set of payments, Mr. Heslop is charged with violating subsections (a)(1)(B) *and* (a)(2), somehow purportedly acting as a double briber with respect to the same transaction or series of transactions.

The subsections of section 666 were enacted to ensure that each individual who participates in an illegal bribe is punished, not to punish one person in a kickback scheme more than another simply because of his status as a middleman. *See United States v. UCO Oil Co.*, 546 F.2d 833, 836 (9th Cir. 1976) (Congress was "concerned with proscribing the prohibited result" of misallocation of federal funds, "rather than particular kinds of conduct. . . . [T]he enumeration of different kinds of conduct in the statute [reflects] different modes of achieving that result, not separate and distinct offenses." ) Moreover, the receipt of kickbacks and subsequent transmittal of those kickbacks to another participant in a kickback scheme describe two acts of the same nature and effect, "not distinctly different kinds of conduct" meriting cumulative punishment. *See id.* at 837.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 26 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1   In sum, payments made in connection with a series of transactions during a

2   one-year period support only one section 666 count against each defendant.[10]  The

3   government's error in submitting a multiplicitous indictment should be corrected

4   before trial, as a multiplicitous indictment risks "improperly prejudic[ing] a jury by

5   suggesting that a defendant has committed several crimes—not one."  *United States*

6   *v. Turner*, No. CR05-355C, 2007 WL 1300462, at *3 (W.D. Wash. May 1, 2007)

7   (citation omitted).  The Court should therefore dismiss Counts 2-31, 34, and 35 of

8   the First Superseding Indictment.

9   **C.   <u>The Section 1957 Counts Are Impermissibly Vague</u>.**

10   To establish a violation of 18 U.S.C. § 1957, the government must allege and

11   prove: (1) the defendant engaged or attempted to engage (2) in a monetary

12   transaction (3) in criminally derived property of more than $10,000 (4) knowing that

13   the property is derived from unlawful activity, and (5) the property is, in fact,

14   derived from "specified unlawful activity."  *United States v. Lovett*, 964 F.2d 1029,

15   1041 (10th Cir. 1992); *see* 18 U.S.C. § 1957.  Thus, the government must prove, as

16   an essential element of section 1957, that a particular predicate specified unlawful

17   activity occurred and served as the source for the allegedly laundered proceeds.  *See*

18   *United States v. Carucci*, 364 F.3d 339, 344-45 (1st Cir. 2004).

19   Here, the government alleges, without elaboration, that the "specified

20   unlawful activity" in question is commercial bribery, in violation of California Penal

21   Code § 641.3.  Indictment ¶ 30.  Yet nowhere does the Indictment allege the

22   essential elements of a violation of California Penal Code § 641.3.  Nor does the

23   Indictment allege sufficient facts to inform defendants of the specific offense

---

[10] Even if the Court rejects a scheme-based unit of prosecution for 666
violations, which it should not, Defendants urge that it should at the very least adopt
a transaction-based unit of prosecution.  Thus, the proper unit of prosecution would
be each "construction-related contract" or other transaction regarding which each
defendant allegedly engaged in bribe activity.  Multiple payments flowing from a
single construction project should not constitute separate 666 violations as they do
in the Indictment.  Such a broad attack is not justified by the plain language or
purpose of the statute.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 27 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1  charged.  In fact, the grand jury did not incorporate by reference any allegations

2  found elsewhere in the Indictment into the section 1957 counts.  *See id.*

3       Thus, the defendants are left to guess who engaged in commercial bribery and

4  when.  Indeed, even the other counts in the Indictment, which in any event were not

5  incorporated by reference, do not allege facts sufficient to establish the crime of

6  commercial bribery.  For example, section 641.3 applies when an employee accepts

7  a bribe from a person, with the specific intent to injure or defraud his or her

8  employer (or other employers or competitors as provided in the statute), in return for

9  using or agreeing to use his or her position for the benefit of that other person.  Cal.

10 Pen. Code § 641.3; *People v. Cumberworth*, No. F047243, 2006 WL 3549939, at

11 *13, 20 (Cal. Ct. App. Dec. 11, 2006) (unpublished).  But no one is alleged in the

12 Indictment to be an employee, agent, or employer within the meaning of the statute.

13 There are also no allegations describing a quid pro quo exchange, how any

14 employee used his position to benefit anyone with the requisite corrupt intent, or

15 how the various payments listed in Counts 36 through 52 in any way flow from or

16 relate to the purported commercial bribery.

17      The government's citation to section 641.3, unaccompanied by an

18 identification of the elements of that crime or facts sufficient to inform defendants

19 of the specific offense with which they are charged, fails to state "implied, necessary

20 elements, not present in the statutory language [of section 1957, which] must be

21 included in an indictment."  *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir.

22 1995); *Flores v. Emerich & Fike*, No. 1:05-CV-0291 AWI DLB, 2009 WL 900738,

23 at *11 (E.D. Cal. Mar. 31, 2009) (granting defendant's motion to dismiss a claim

24 under section 1957 where the complaint failed to allege necessary facts to support

25 the predicate act of burglary); *see United States v. Cecil*, 608 F.2d 1294, 1296 (9th

26 Cir. 1979) (per curiam); *see also United States v. Harmon*, No. CR 08-00938 JW,

27 2011 WL 7937876, at *9 (N.D. Cal. Aug. 18, 2011) ("[I]t is incumbent on the

28 government to prove that an underlying unlawful act was committed by someone

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 28 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1   . . . in order to satisfy the statutory requirement that the financial transaction, in fact,

2   involved those proceeds."); *Lovett*, 964 F.2d at 1041-42 ("the elements of the

3   particular 'specified unlawful activity' . . . are essential elements that the

4   prosecution must prove in order to establish a violation of § 1957"); *Carucci*, 364

5   F.3d 339, 344-45 (1st Cir. 2004) ("§ 1957 convictions necessitate proof beyond a

6   reasonable doubt of the predicate crime.").

7        In light of these deficiencies, the section 1957 counts are unconstitutionally

8   vague and fail to provide defendants with the legally required notice needed to

9   mount a defense or plead double jeopardy in any future prosecution.  Counts 36

10   through 52 should be dismissed.

11       **D.**    **The Conspiracy Count Is Duplicitous.**

12        Count 1 of the Indictment is duplicitous because it impermissibly charges at

13   least two distinct conspiracies in a single count.  *U.S. v. Gordon*, 844 F.2d 1397,

14   1400-02 (9th Cir. 1988).  Specifically, Count 1 improperly alleges both: (1) a

15   conspiracy to give or accept bribes in connection with Tribal construction contracts

16   in violation of 18 U.S.C. § 666, and (2) a conspiracy related to the alleged

17   overcharging by Mr. Bardos in connection with the purchase of granite for the Tribe

18   (the "Granite Purchase").

19        The alleged Granite Purchase conspiracy named in paragraphs 14 and 15 of

20   Count 1 is distinct from the alleged construction contract conspiracy with respect to

21   its nature, participants, and aims.  The Indictment alleges Mr. Bardos sought and

22   obtained $500,000 from the Tribe to purchase granite, despite knowing the vendor

23   was only charging $200,000, and later distributed a portion of these funds to Ms.

24   Shambaugh and Mr. Heslop.  No one is alleged to have accepted these funds

25   intending to be influenced or rewarded in connection with the Granite Purchase.

26   And no one other than Mr. Bardos is alleged to have made any representations to the

27   Tribe regarding this purchase.  Mr. Kovall is in not even mentioned in paragraphs 14

28   or 15 or otherwise alleged to be involved in the Granite Purchase.  In other words,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 29 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1   the alleged conspiracy to fraudulently overcharge for the granite is distinct from a

2   primary conspiracy to commit bribery on connection with the Tribe's construction

3   contracts.  The Indictment does not allege that the Granite Purchase is in any way

4   connected to the awarding of construction contracts or otherwise an act in

5   furtherance of the construction contract conspiracy.  Thus, the Granite Purchase is

6   not part of the "overall agreement" to achieve the identified objective of Count 1

7   (*i.e.*, to engage in bribery in violation of section 666).  *Gordon*, 844 F.2d at 1401.

8       The inclusion of the two distinct conspiracies in one count is prejudicial to

9   defendants.  It not only violates their Fifth Amendment right to know what offense

10  they are charged with and protection against double jeopardy, but also violates their

11  "Sixth Amendment right to knowledge of the charges against [them], since

12  conviction on a duplicitous count could be obtained without a unanimous verdict as

13  to each of the offenses contained in the count."  *United States v. Aguilar*, 756 F.2d

14  1418, n.2 (9th Cir. 1985); *see Gordon*, 844 F.2d at1400 (defendants have a right "to

15  a unanimous jury verdict").

16      Additionally, the duplicity in Count 1 risks prejudicial evidentiary rulings.

17  *See UCO Oil Co.*, 546 F.2d at 835 (Duplicitous counts "give rise to problems

18  regarding the admissibility of evidence, including its admissibility against one or

19  more codefendants.").  At trial the government will seek, in all likelihood, to

20  introduce hearsay statements of the defendants, allegedly admissible under Federal

21  Rule of Evidence 801(d)(2)(E) as statements of a co-conspirator during the course

22  and in furtherance of the conspiracy.  Co-conspirator statements are admissible only

23  if the trial court finds that the government has established the existence of a

24  conspiracy and the defendant's participation in it by a preponderance of the

25  evidence.  *Bourjaily v. United States*, 483 U.S. 171, 176, 107 S. Ct. 2775, 2779

26  (1987).  If the government cannot establish that a defendant was involved in one of

27  the separate conspiracies, that defendant is not a co-conspirator for purposes of

28  evidence relating to that conspiracy—and hearsay statements would not be

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 30 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

1  admissible. *See* FED. R. EVID. 801 (d)(2)(E); *Bruton v. United States*, 391 U.S. 123,

2  126-28, 88 S. Ct. 1620, 1622-24 (1968) (hearsay statements by non-testifying

3  parties violates the Sixth Amendment right to confrontation).[11] By charging at least

4  two distinct conspiracies in a single count as one purported conspiracy, evidence

5  that would not otherwise be admissible against a particular defendant now will be.

6  For all these reasons, Count 1 should be dismissed as duplicitous.

7  **E.     The Indictment's Forfeiture Allegations Must Be Dismissed Along**

8  **With Their Predicate Offenses.**

9  To the extent the Court dismisses any counts in the Indictment based on the

10  arguments set forth above, the Indictment's dependent "Forfeiture Allegations" must

11  also be dismissed. *See United States v. Heckler*, 428 F. Supp. 269, 273 (S.D.N.Y.

12  1976) (dismissing dependent counts).

13  **III.  CONCLUSION**

14  For the reasons discussed herein, the defendants respectfully request that the

15  Court grant their Motion to Dismiss Counts 1 through 31, 34, 35, 36 through 52, and

16  the dependent Forfeiture Allegations, of the First Superseding Indictment.

17  Dated: February 5, 2013                     Respectfully submitted,

18                                                              IRELL & MANELLA LLP

19

20                                                   By:    /s/ John C. Hueston
21                                                              John C. Hueston
                                                             Attorneys for Defendant
22                                                           DAVID ALAN HESLOP

23

24                                                   By:    /s/ Ellen M. Barry
25                                                              Ellen M. Barry

26  ───────────────
      [11] Moreover, this type of Sixth Amendment violation cannot be cured by a
27  limiting instruction to the jury. *See Bruton*, 391 U.S. at 126 ("[T]here are some
      contexts in which the risk that the jury will not, or cannot, follow instructions is so
28  great, and the consequences of failure so vital to the defendant, that the practical and
      human limitations of the jury system cannot be ignored . . . .").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 31 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

Attorney for Defendant
PAUL PHILLIP BARDOS

LAW OFFICES OF MATTHEW M. HORECZKO

By:     /s/ Matthew M. Horeczko
        Matthew M. Horeczko
        Attorney for Defendant
        PEGGY ANNE SHAMBAUGH

LAW OFFICES OF EDWARD M. ROBINSON

By:     /s/ Edward M. Robinson
        Edward M. Robinson
        Attorney for Defendant
        GARY EDWARD KOVALL

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 32 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT

**Additional Defendants and Counsel:**

LAW OFFICES OF MATTHEW M. HORECZKO
Matthew M. Horeczko (194717)
matt@matt-law.com
180 East Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone:  (562) 216-4454
Facsimile:(562) 491-6562
Attorney for Defendant
PEGGY ANNE SHAMBAUGH

LAW OFFICES OF EDWARD M. ROBINSON
Edward M. Robinson (126244)
eroblaw@aol.com
21515 Hawthorne Boulevard, Suite 665
Torrance, CA 90503
Telephone:  (310) 316-9333
Facsimile: (310) 316-6442
Attorney for Defendant
GARY EDWARD KOVALL

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2729580

- 33 -

DEFENDANTS' OMNIBUS MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT